<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ATR PAPER INC.,<br><br>                         Plaintiff,<br><br>          v.<br><br>BANGKIT (U.S.A.), INC., *et al.*,<br><br>                         Defendants. | Case No. 2:23-cv-12696 (BRM) (SDA)<br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Counterclaim Defendant ATR Paper Inc. ("ATR Paper") and Third-Party Defendant Arelis Torres Rosado's ("Rosado") (together, "Counterclaim Defendants") Motion to Dismiss (ECF No. 26) Counterclaim Plaintiffs' Bangkit (U.S.A.), Inc. dba Bazic Products ("Bazic") and Richmond Van's ("Van") (together, "Counterclaim Plaintiffs") counterclaims (ECF No. 16) pursuant to Federal Rule of Civil Procedure 12(b)(6). Counterclaim Plaintiffs filed an Opposition on February 6, 2024. (ECF No. 32.) Counterclaim Defendants filed a reply on February 26, 2024. (ECF No. 37.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Counterclaim Defendants' Motion to Dismiss (ECF No. 26) is **GRANTED** and Counterclaim Plaintiffs' counterclaims (ECF No. 16) are **DISMISSED WITHOUT PREJUDICE**.

## I.    BACKGROUND

### A.    Factual Background

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the counterclaims as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *see also Jazz Pharm. Rsch. UK Ltd. v. Teva Pharms., Inc.*, Civ. A. No. 23-18, 2024 WL 124697, at *2 (D.N.J. Jan.11, 2024) ("A motion to dismiss a counterclaim (in an answer) is evaluated under the same standard as a motion to dismiss a claim (in a complaint)."); *Polysciences, Inc. v. Masrud*, Civ. A. No. 22-1767, 2023 WL 3377084, at *1 (3d Cir. May 11, 2023) (deciding motion to dismiss counterclaims pursuant to Rule 12(b)(6) using same standard as motion to dismiss a complaint under Rule 12(b)(6)). The Court also considers any "document integral to or explicitly relied upon in the [counterclaims]." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

Bazic is a California corporation with its principal place of business at 10511 Valley Boulevard, El Monte, California 91731. (ECF No. 16 at 17.) Van is the e-commerce manager of Bazic, and resides in Temple City, California. (*Id.*) ATR Paper is a New Jersey corporation with a place of business at 68 Macarthur Avenue, Bloomfield, New Jersey 07003. (*Id.* at 18.) ATR Paper's principal and agent is Rosado, who has an address at "30 Mount Prospect Place, Newark, New Jersey 07104." (*Id.*)

Bazic sells a wide variety of products "ranging from office supplies, school supplies, writing instruments, paper products and arts and crafts." (*Id.* at 17.) Some of Bazic's products are sold to customers in New Jersey via lawful third-party authorized resellers. (*Id.* at 18.) Bazic owns U.S. Trademark Registration No. 6139767 for all Bazic products under a trademark certificate

issued by the U.S. Patent and Trademark Office for the registration date September 1, 2020. (*Id.* at 19.)

Bazic routinely monitors Amazon's Marketplace to police against other retailers' trademark infringement. (*Id.*) In February 2023, Counterclaim Plaintiffs noted the Counterclaim Defendants were selling a purported Bazic product on ATR Paper's Amazon Marketplace. (*Id.*) Counterclaim Plaintiffs then attempted to contact Counterclaim Defendants to confirm that Counterclaim Defendants purchased the Bazic products from an authorized reseller, and no unauthorized importation took place. (*Id.* at 20.) Counterclaim Defendants have refused to provide this information. (*Id.*) Counterclaim Plaintiffs proceeded to file a complaint with Amazon alleging Counterclaim Defendants were listing counterfeit products on Amazon's Marketplace. (*Id.*)

After the complaint, Counterclaim Defendants' attorney communicated with Counterclaim Plaintiffs to discuss the issue. (*Id.*) Counterclaim Plaintiffs again requested Counterclaim Defendants provide information regarding the origin of ATR Paper's Bazic products, but Counterclaim Defendants continued to refuse to respond to such inquiries. (*Id.* at 20–21.) Counterclaim Defendants demanded Counterclaim Plaintiffs retract their complaint to Amazon, but Counterclaim Plaintiffs refused. (*Id.* at 21.) Over the subsequent months, ATR Paper carried an increasing amount of Bazic products and Counterclaim Plaintiffs made additional complaints to Amazon about such products. (*Id.*) In disputing such complaints, Counterclaim Defendants claimed Counterclaim Plaintiffs had made "false statements" to Amazon. (*Id.* at 24.)

B.      **Procedural History**

ATR Paper filed its initial Complaint on August 29, 2023. (ECF No. 1.) The Complaint alleged four causes of actions for: (I) a declaratory judgment of no trademark infringement by ATR Paper against Bazic, Van, and Does 1–5 (together, "Complaint Defendants"); (II) Defamation

against Complaint Defendants; (III) Trade Libel against Complaint Defendants; and (IV) Tortious Interference with Contract and Business Relations against Complaint Defendants. (*Id.*) Counterclaim Plaintiffs filed an Answer to the Complaint on October 20, 2023. (ECF No. 12.) Counterclaim Plaintiffs filed an Amended Answer ("Answer") to the Complaint on November 6, 2023. (ECF No. 16.) The Answer asserted counterclaims against Counterclaim Defendants for: (I) a declaratory judgment of trademark infringement by Counterclaim Defendants against Counterclaim Plaintiffs; (II) Defamation against Counterclaim Defendants; (III) Trade Libel against Counterclaim Defendants; and (IV) Tortious Interference with Contract and Business Relations against Counterclaim Defendants. (*Id.*) Counterclaim Defendants filed a Motion to Dismiss the counterclaims on January 5, 2024. (ECF No. 26.) Counterclaim Plaintiffs filed an Opposition on February 6, 2024. (ECF No. 32.) Counterclaim Defendants filed a reply on February 26, 2024. (ECF No. 37.)

## II.    LEGAL STANDARD

The standard for deciding a motion to dismiss counterclaims is identical to the standard for deciding a motion to dismiss a complaint. *See Jazz Pharm. Rsch. UK Ltd. v. Teva Pharms., Inc.*, Civ. A. No. 23-18, 2024 WL 124697, at *2 (D.N.J. Jan. 11, 2024) ("A motion to dismiss a counterclaim (in an answer) is evaluated under the same standard as a motion to dismiss a claim (in a complaint)."); *Polysciences, Inc. v. Masrud*, Civ. A. No. 22-1767, 2023 WL 3377084, at *1 (3d Cir. May 11, 2023) (deciding motion to dismiss counterclaims pursuant to Rule 12(b)(6) using same standard as motion to dismiss a complaint under Rule 12(b)(6)); *Mr. Sandless Franchise, LLC v. Karen Cesaroni LLC*, 498 F. Supp. 3d 725, 732 (E.D. Pa. 2020) ("Courts evaluate a motion to dismiss a counterclaim under the same standard as a motion to dismiss a complaint.").

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* (alterations in original). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). In assessing plausibility, the Court may not consider any "[f]actual

claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. *Id.* This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, as a general rule, the Court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

### III.    DECISION

#### A.      Group Pleading

Counterclaim Defendants argue the counterclaims should be dismissed for improper group pleading based on the failure of the counterclaims to distinguish between the Counterclaim Defendants. (ECF No. 26-1 at 17–18.) Counterclaim Defendants claim the only allegation the counterclaims make against Rosado is that she is the "principal/agent of ATR Paper." (*Id.* at 18 (quoting ECF No. 16 at 19).) Counterclaim Defendants assert the counterclaims provide no factual support for naming Rosado and ultimately do not identify a basis for liability against Rosado. (ECF No. 26-1 at 18.) Because the counterclaims do not distinguish the conduct of each Counterclaim Defendant, Counterclaim Defendants argue the counterclaims do not provide fair notice of Counterclaim Plaintiffs' claims against each of them. (*Id.* at 19.)

Counterclaim Plaintiffs argue there is nothing confusing about the counterclaims' specification of defendants, as the allegations specify "the actions of ATR as a whole that form the basis of [Counterclaim Plaintiffs'] claims, as well as identify Rosado as the principal or agent of ATR that resides at ATR's main business address, an allegation which clearly puts Rosado at the heart of ATR's trademark infringement activity." (ECF No. 32 at 27.)

Counterclaim Defendants reply that the counterclaims collectively refer to both Counterclaim Defendants without identifying a basis for liability against each defendant. (ECF No. 37 at 10.) Counterclaim Defendants note that the Opposition only generally claims Rosado is somehow tied to Counterclaim Defendants "trademark infringement activity" and makes no attempt to link Rosado to Counts II–IV. (*Id.* at 10.) Counterclaim Plaintiffs claim Counterclaim Defendants allegation of Rosado's involvement in "trademark infringement" is conclusory and unsupported by facts. (*Id.* at 11.) Therefore, "it is unclear what specific acts each of the

Counterclaim-Defendants is alleged to have carried out, nor is it plausible to infer that each and every allegation is made against each Counterclaim-Defendant." (*Id.*)

Courts routinely dismiss complaints for improper group pleading. *JD Glob. Sales, Inc. v. Jem D Int'l Partners, LP*, Civ. A. No. 21-19943, 2023 WL 4558885, at *7 (D.N.J. July 17, 2023). A court will dismiss a complaint on grounds of improper group pleading when the pleading does not place each Defendant "on notice of the claims against each of them." *Id.* (quoting *Conserve v. City of Orange Twp.*, Civ. A. No. 21-872, 2022 WL 1617660, at *5 (D.N.J. May 23, 2022)); *Plusgrade L.P. v. Endava Inc.*, Civ. A. No. 21-1530, 2023 WL 2402879, at *4 (S.D.N.Y. Mar. 8, 2023) ("Plaintiff's Amended Complaint fails to provide fair notice of which claims pertain to which defendants. Through its more than 200 paragraphs, it rarely specifies which defendant engaged in what conduct. Rather, most of the allegations ambiguously state that the alleged misconduct was carried out by 'defendants'."); *Sheeran v. Blyth Shipholding S.A.*, Civ. A. No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015) ("Courts in this district generally agree that . . . 'group pleading' does not satisfy Rule 8, because it does not place Defendants on notice of the claims against each of them."). In assessing whether a complaint engages in impermissible group pleading, the Court will consider "whether adequate notice is given, and [whether] 'fair notice' [exists] which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." *Canon U.S.A., Inc. v. F & E Trading LLC*, Civ. A. No. 15-6015, 2017 WL 4357339, at *7 (E.D.N.Y. Sept. 29, 2017) (quoting *Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp. 3d 229, 236 (S.D.N.Y. 2014)); *see also Cabrera v. United States*, Civ. A. No. 21-17483, 2021 WL 5356111, at *6 (D.N.J. Nov. 17, 2021) ("Without knowing exactly what wrongful conduct they are alleged to have engaged in, the individuals [*sic*] Defendants have not been given fair notice of the

allegations against them."); *Palmer v. United States*, Civ. A. No. 21-11721, 2022 WL 310208, at *6 (D.N.J. Feb. 1, 2022) (same); *Sheeran*, 2015 WL 9048979, at *3 (holding that pleading which "lumps Defendants together as a group and asserts general common factual allegations against all of them" is normally impermissible in the D.N.J. as it does not allow the court to ascertain the role of each defendant in the claim).

Here, the counterclaims are an axiomatic example of a pleading which "lumps Defendants together as a group and asserts general common factual allegations against all of them." *Sheeran*, 2015 WL 9048979, at *3. The counterclaims make no attempt to distinguish between ATR Paper and Rosado, instead making general allegations that the Counterclaim Defendants refused to provide information, made defamatory statements, and interfered with Counterclaim Plaintiffs' contractual relationships. (ECF No. 16 at 23–30.) The only attempt the counterclaims make to distinguish the Counterclaim Defendants are a few paragraphs describing the residency and business address of ATR Paper and Rosado. (*Id.* at 18–19.) Because the counterclaims do not attempt to distinguish between the conduct of ATR Paper and Rosado, they fail to give each defendant "fair notice of the claims against it." *Canon U.S.A.*, 2017 WL 4357339, at *7; *Plusgrade L.P.*, 2023 WL 2402879, at *4; *Marshall v. Mfrs. Traders & Tr. Co.*, Civ. A. No. 20-19421, 2023 WL 5928318, at *2 (D.N.J. Sept. 12, 2023) ("Rule 8(a)(2) requires that a complaint set forth claims with enough specificity to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" (quoting *Twombly*, 550 U.S. at 555). The failure of the counterclaims to specify "which defendants performed which acts" means that, under the standard applied in this district, the counterclaims must be dismissed for improper group pleading. *See Inter Metals Grp. v. Centrans Marine Shipping*, Civ. A. No. 20-7424, 2022 WL 489404, at *7 (D.N.J. Feb. 17, 2022) ("Here, both Maverick and C.J. fail to satisfy the basic pleading requirement of providing adequate

9

notice to each Co-Defendant of the specific claims against it. Their crossclaims are brought collectively against Centrans and the other Co-Defendants and fail to specify the personal involvement of any Co-Defendant."); *Marshall*, 2023 WL 5928318, at *2; *Stransky v. PennyMac Holdings, LLC*, Civ. A. No. 18-15929, 2019 WL 4750150, at *6 (D.N.J. Sept. 30, 2019) ("Courts in this district have held 'group pleading' does not satisfy Rule 8 because it does not place the defendants on notice of the claims against them."); *In re Ojo*, Civ. A. Nos. 21-11357, 21-11359, 21-11360, 21-11362, 2021 WL 3732904, at *2 (D.N.J. Aug. 23, 2021) ("With regard to Rule 8, the primary flaw in the Complaints is that they often allege that the Defendants acted in unison, without delineating the actions of each Defendant or explaining under what circumstances they acted or failed to act.").

This case is distinguishable from other cases where courts have declined to dismiss complaints on group pleading grounds based on allegations the named individual defendant was acting as an agent of the named corporate defendant. In those cases, the pleading made specific allegations against both the individual and corporate defendant which allowed the court to ascertain the roles of the individual as an agent and the entity as a principal. *See Yu-Chin Chang v. Upright Fin. Corp.*, Civ. A. No. 19-18414, 2020 WL 473649, at *1–3 (D.N.J. Jan. 28, 2020) (declining to dismiss complaint on group pleading grounds where the complaint made specific factual allegations regarding actions the individual defendant took as an agent of the entity, including meetings with the individual defendant and representations made by that defendant); *CommScope, Inc. v. Rosenberger Tech. (Kunshan) Co Ltd.*, Civ. A. No. 19-15962, 2021 WL 4193118, at *3 n.4 (D.N.J. Feb. 26, 2021) ("Here, while much of the Amended Complaint does speak broadly about the 'Rosenberger Defendants,' it also contains allegations about the specific role [the entity] allegedly played."); *cf. Adams v. DMG Invs., LLC*, Civ. A. No. 21-17442, 2023

WL 158265, at *4 (D.N.J. Jan. 10, 2023) (dismissing complaint on group pleading grounds despite complaint making specific allegations against purported individual agents of corporate entities, as "Plaintiffs fail to set forth specific facts setting forth a reasonable basis for their belief and it is implausible that each of these individuals was an agent and/or employee of all three entity Defendants."). Here, the counterclaims make no specific allegations regarding Rosado's actions as an agent of ATR Paper. This means that it is impossible to ascertain from the counterclaims what actions were taken directly by ATR Paper and what actions were taken by Rosado as an agent of ATR Paper. As a result, Counterclaim Plaintiffs have not placed each defendant "on notice of the claims against each of them." *JD Glob. Sales, Inc.*, 2023 WL 4558885, at *7 (quoting *Conserve*, 2022 WL 1617660, at *5). Therefore, Counterclaim Defendants cannot shield the counterclaims from dismissal under the group pleading standards simply because they allege Rosado is an agent of ATR Paper. Rather, they must make some attempt to distinguish between the conduct of Rosado as an individual agent and ATR Paper as a corporate entity.

Accordingly, Counterclaim Defendants' Motion to Dismiss the counterclaims is **GRANTED** and the counterclaims are **DISMISSED WITHOUT PREJUDICE**.

### B.    Costs and Fees

Counterclaim Defendants argue the Court should use its inherent powers to award costs and fees to them for responding to the counterclaims, as the counterclaims "were ill conceived and interposed in bad faith." (ECF No. 26-1 at 19.) Counterclaim Defendants argue the counterclaims were copied from their own complaint "without regard to the absurdity and legal baselessness of the resulting statements." (*Id.*) Specifically, Counterclaim Defendants argue Counterclaim Plaintiffs never identify a defamatory statement made by Counterclaim Defendants, do not identify a product libeled in their trade libel claim, and do not mention a relationship or contract that was

purportedly harmed in their tortious interference claim. (*Id.*) Further, the counterclaims do not mention why Rosado was named as a third-party defendant, or her connection to the events alleged. (*Id.* at 19–20.) Therefore, Counterclaim Defendants argue Counterclaim Plaintiffs did not have a good faith basis to assert the counterclaims. (*Id.* at 20.)

Counterclaim Plaintiffs argue they did everything they could to avoid litigation in this case, and Counterclaim Defendants' claim for sanctions is an attempt to improperly buttress the merits of their claims via Federal Rule of Civil Procedure 11. (ECF No. 32 at 25–26.) Counterclaim Plaintiffs argue the counterclaims reflect their position "that there is another legitimate perspective concerning the events giving rise to this litigation" (*Id.* at 26.) Counterclaim Plaintiffs argue that imposing sanctions on them would send a message that "so long as an entity files first with the Court, its position matters more," which would lead to business entities being disincentivized from resolving disputes out of court. (*Id.* at 26–27.)

Counterclaim Defendants reply that Counterclaim Plaintiffs have admitted that they sought to file the "inverse" of the claims in the complaint, without regard to the legal viability of such claims. (ECF No. 37 at 11.) Counterclaim Defendants further argue that Counterclaim Plaintiffs continue to fail to identify essential elements of their defamation, trade libel, and tortious interference claims. (*Id.*) Further, Counterclaim Defendants assert Counterclaim Plaintiffs also continue to fail to explain why Rosado was named as a third-party defendant. (*Id.* at 11–12.) Therefore, Counterclaim Defendants argue Counterclaim Plaintiffs did not have a good faith basis to assert their claims. (*Id.* at 12.)

The Court does not find sanctions are warranted against Counterclaim Plaintiffs, as there is no evidence of a pattern of improper pleadings by Counterclaim Plaintiffs and it appears the counterclaims were brought in good faith. In considering whether to impose monetary sanctions

on a party, the 1993 advisory committee note to Federal Rule of Civil Procedure 11 details certain

factors a court may consider, including:

> (1) "[w]hether the improper conduct was willful, or negligent"; (2) "whether it was part of a pattern or activity, or an isolated event"; (3) "whether it infected the entire pleading, or only one particular count or defense"; (4) "whether the person has engaged in similar conduct in other litigation"; (5) "whether it was intended to injure"; (6) "what effect it had on the litigation process in time or expense"; (7) "whether the responsible person is trained in the law"; (7) [*sic*] what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case"; and (8) "what amount is needed to deter similar activity by other litigants."

*Holmes v. Allstate Corp.*, Civ. A. No. 11-1543, 2012 WL 627238, at *15 (S.D.N.Y. Jan. 27, 2012)

(quoting Fed. R. Civ. P. 11 advisory committee note to 1993 amendments). Courts generally only

impose sanctions when a party has engaged in a pattern of bad faith conduct. *See Streamlined*

*Consultants, Inc. v. EBF Holdings, LLC*, Civ. A. No. 21-9528, 2023 WL 5835748, at *10

(S.D.N.Y. Sept. 8, 2023) ("District courts within the Second Circuit have imposed sanctions where

a party persists in raising previously rejected claims or defenses."); *Hunsinger v. Offer, LLC*, Civ.

A. No. 21-2846, 2022 WL 18143951, at *8 (N.D. Tex. Dec. 7, 2022) ("Sanctions may be

appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims."); *Dimitri*

*Enters., Inc. v. Spar Ins. Agency LLC*, Civ. A. No. 21-1722, 2022 WL 5237811, at *2 (2d Cir.

2022) ("Therefore, we have upheld sanctions where an attorney or litigant may have initially filed

a non-frivolous claim but, after the district court's dismissal of that claim, re-filed a similar or

identical claim in an amended pleading without any good-faith basis for overcoming the district

court's prior ruling."). Here, there is no allegation of Counterclaim Plaintiffs making multiple bad

faith filings before the Court, as their counterclaims were their first affirmative filing in the

litigation. The Court also finds the counterclaims, however inartfully pled, were a good faith

attempt by the Counterclaim Plaintiffs to assert their position "that there is another legitimate perspective concerning the events giving rise to this litigation." (ECF No. 32 at 26.)

Accordingly, the Court will not grant costs and fees to Counterclaim Defendants for defending against this motion.

### IV.   CONCLUSION

For the reasons set forth above, Counterclaim Defendants' Motion to Dismiss (ECF No. 26) is **GRANTED**, and the counterclaims (ECF No. 16) are **DISMISSED WITHOUT PREJUDICE.**

Date: July 24, 2024                              */s/ Brian R. Martinotti*_____
                                                       **HON. BRIAN R. MARTINOTTI**
                                                       **UNITED STATES DISTRICT JUDGE**